UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

LEAH COX and D'SHAUNTA PERRY,
Individually and on Behalf of All Other Persons
Similarly Situated,

                        Plaintiffs,

           -against-

FRANCESCA'S HOLDINGS CORP. and
FRANCESCA'S COLLECTIONS, INC.,

                      Defendants.

Case No.:  19-2167

## PLAINTIFFS' COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs Leah Cox ("Cox") and D'Shaunta Perry ("Perry") (collectively "Plaintiffs"), individually and on behalf of themselves and all others similarly situated, file this Collective and Class Action Complaint and Demand for Jury Trial against Francesca's Holdings Corp. and Francesca's Collections, Inc. (collectively, "Francesca's" or "Defendants"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et. seq.*, and as to Plaintiff Perry and the Maryland Class set forth hereinafter, seeking all available relief under Maryland Wage Payment and Collection Law, Md. Code, Lab. & Empl. §§ 3-501 *et seq.*, and Md. Code, Lab & Empl. §§ 3-401, *et seq.* (collectively, the "Md. Wage and Hour Law").  The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

## NATURE OF THE ACTION

1.    Plaintiffs allege on behalf of themselves and other current and former Store Managers and similarly situated current and former employees holding comparable positions but

different titles, including but not limited to as Boutique Team Leaders, sometimes called Boutique Managers, Interim Boutique Team Leaders, and/or Acting Boutique Team Leaders, (collectively, "Store Managers"), employed by Defendants in the United States, who elect to opt into this action pursuant to the FLSA and who have not otherwise filed a timely consent to join in the action titled *Prulello, et al. v. Francesca's Holdings Corp.*, No. 1:17-cv-00565 (D.N.J.) (the "FLSA Collective"), that they are entitled to, *inter alia*: (i) unpaid overtime wages for hours worked above 40 in a workweek, as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq*.

2.     Plaintiff Perry also brings this action under the Md. Wage and Hour Law pursuant to Fed. R. Civ. P. 23 on behalf of all Store Managers and other individuals paid by the same compensation method holding comparable positions but different titles employed by Defendants at its stores within the State of Maryland (the "Maryland Class").  Defendants violated the Md. Wage and Hour Law by failing to pay the Maryland Class overtime at a rate of time and one-half for all hours worked above 40 in a workweek, and failing to pay the Maryland Class overtime on a timely basis.  Plaintiff Perry and the Maryland Class are entitled to unpaid overtime wages from Defendants for all hours worked above 40 in a workweek, and are also entitled to treble damages as liquidated damages pursuant to the Md. Wage and Hour Law.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.     This Court has jurisdiction over the asserted Rule 23 claims pursuant to 28 U.S.C. § 1332(d) and the Class Action Fairness Act ("CAFA").  The parties are diverse and the amount in controversy exceeds $5,000,000.00, exclusive of interest and costs.

5.      This Court also has jurisdiction over the asserted Rule 23 claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the FLSA claims that they form part of the same case or controversy.

6.      The claims of Plaintiffs and the members of the FLSA Collective and Maryland Class involve matters of national and/or interstate interest.

7.      Defendants do business in and are subject to personal jurisdiction in this District.

8.      Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District inasmuch as Plaintiff Cox resides in and worked for Defendants in this District, and the violations occurred in this District.

9.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

10.     Each Defendant is a covered employer within the meaning of the FLSA, the Md. Wage and Hour Law, and has had gross revenues exceeding $500,000.00 for all relevant time periods.

## THE PARTIES

**Plaintiffs**

### *Plaintiff Leah Cox*

11.     Plaintiff Cox was, at all relevant times, an adult individual over the age of eighteen (18), residing in Houston, Texas.

12.     Plaintiff Cox was employed by Defendants from approximately December 2016 until November 2017, as a Store Manager at Defendants' store located in Houston, Texas.

13.     Plaintiff Cox regularly worked more than 40 hours in a workweek, but was not paid for any hours she worked over 40.

3

14.     On average, throughout her employment with Defendants, Cox worked approximately 46 hours per week or more, during the relevant period.

15.     Defendants failed to keep accurate records of the hours that Cox worked as a Store Manager.

16.     Plaintiff Cox's consent to join this action is attached hereto as Exhibit A.

**Plaintiff D'Shaunta Perry**

17.     Plaintiff Perry was, at all relevant times, an adult individual over the age of eighteen (18), residing in Upper Marlboro, Maryland.

18.     Plaintiff Perry was employed by Defendants from approximately September 2017 until May 2018, as a Store Manager at Defendants' store located in Bowie, Maryland.

19.     Plaintiff Perry regularly worked more than 40 hours in a workweek, but was not paid for any hours she worked over 40.

20.     On average, throughout her employment with Defendants, Perry worked approximately 45 to 50 hours per week, during the relevant period.

21.     Defendants failed to keep accurate records of the hours that Perry worked as a Store Manager.

22.     Plaintiff Perry consent to join this action is attached hereto as Exhibit B.

**Defendants**

**Defendant, Francesca's Holdings Corp.**

23.     Upon information and belief, Defendant Francesca's Holdings Corp. is a Delaware corporation with its principal places of business located at 8760 Clay Road, Houston, Texas 77080.

4

24.     According to its SEC Form 10-k, Francesca's Holdings Corp. is a public company with more than 700 specialty retail stores or "boutiques" nationwide, offering a "unique, fun and differentiated shopping experience" including "apparel, jewelry, accessories and gifts."

***Defendant, Francesca's Collections, Inc.***

25.     Upon information and belief, Defendant Francesca's Collections, Inc. is a Texas corporation and wholly-owned subsidiary of Francesca's Holdings Corp., with its principal place of business located at 8760 Clay Road, Houston, Texas 77080.

26.     Defendants Francesca's Holdings Corp. and Francesca's Collections, Inc. operate as a common enterprise such that the actions of one may be imputed to the other and/or so that they operate as joint employers within the meaning of the FLSA and state law.

27.     At all relevant times, Defendants were the employers or joint employers of Plaintiffs and the members of the FLSA Collective and the Maryland Class, within the meaning of the applicable statutes.

28.     At all relevant times, each Defendant has employed Plaintiffs and the members of the FLSA Collective and the Maryland Class, within the meaning of the applicable statutes.

29.     At all relevant times, each Defendant is a covered employer within the meaning of the FLSA and Md. Wage and Hour Law and has been and continues to be an enterprise engaged in commerce or the production of goods for commerce within the meaning of those laws.

30.     At all relevant times, each Defendant has had gross revenues in excess of $500,000.00.

31.     Defendants issued paychecks to Plaintiffs and the members of the FLSA Collective and the Maryland Class during their employment.

32.    Defendants directed the work of Plaintiffs and the members of the FLSA Collective and the Maryland Class, and benefited from work performed that Defendants suffered or permitted from them.

33.    Plaintiffs and the members of the FLSA Collective and the Maryland Class worked in excess of 40 hours per workweek, without receiving overtime compensation as required by the FLSA.

34.    Pursuant to Defendants' policy, pattern and/or practice, Defendants did not pay Plaintiffs and the members of the FLSA Collective and the Maryland Class proper overtime wages for hours they worked for Defendants' benefit in excess of 40 hours in a workweek.

## COMMON FACTUAL ALLEGATIONS

35.    Defendants employed Plaintiffs and the members of the FLSA Collective and the Maryland Class as Store Managers.

36.    Defendants maintain control, oversight, and discretion over the operation of their retail stores, including their employment practices with respect to Plaintiffs and the members of the FLSA Collective and the Maryland Class.

37.    The work of Plaintiffs and the members of the FLSA Collective and the Maryland Class was performed in the normal course of Defendants' business and was integrated into that business.

38.    Consistent with Defendants' policy, pattern and/or practice, Plaintiffs and the members of the FLSA Collective and the Maryland Class regularly worked in excess of 40 hours per workweek without being paid overtime wages, in violation of the FLSA and Md. Wage and Hour Law.

39.     The number of shifts Plaintiffs or each individual member of the FLSA Collective and the Maryland Class worked per week can be ascertained from Defendants' records.

40.     Defendants have assigned all of the work that Plaintiffs and the members of the FLSA Collective and the Maryland Class have performed, and Defendants are aware of the work that they have performed.

41.     This work required little skill and no capital investment.  Nor did it include managerial responsibilities, or the exercise of meaningful independent judgment and discretion.

42.     Throughout the period relevant to this Complaint, Plaintiffs and the members of the FLSA Collective and the members Maryland Class performed the same primary job duties: working the cash registers, stocking shelves, cleaning and straightening the store, assisting customers, organizing the store according to detailed corporate directives, and unpacking merchandise.

43.     The primary job duties of Plaintiffs and the members of the FLSA Collective and the members of the Maryland Class did not include: hiring, firing, disciplining, or directing the work of other employees, and exercising meaningful independent judgment and discretion.

44.     Plaintiffs and the members of the FLSA Collective and the members of the Maryland Class frequently worked alone, and when not working alone, usually had themselves and only one another associate in the store.

45.     The primary job duties of Plaintiffs and the members of the FLSA Collective and Maryland Class, did not materially differ from the duties of non-exempt hourly paid employees. Their primary duties were manual in nature.  The performance of manual labor and non-exempt duties occupied the majority of the working hours of the Plaintiffs and the members of the FLSA Collective and Maryland Class.

46.     Pursuant to a centralized, company-wide policy, pattern and/or practice, Defendants classified all Store Managers and other similarly situated current and former employees holding comparable positions but different titles, as exempt from coverage of the overtime provisions of the FLSA and Md. Wage and Hour Law.

47.     Upon information and belief, Defendants did not perform a person-by-person analysis of the job duties of Store Managers when making the decision to classify all of them uniformly as exempt from the overtime protections of the FLSA and Md. Wage and Hour Law.

48.     Defendants established labor budgets to cover labor costs for the stores in which Plaintiffs and the members of the FLSA Collective and Maryland Class worked.  Defendants did not provide sufficient money in the labor budgets to cover all the wages necessary to have non-exempt employees complete all of the non-exempt tasks in each store.

49.     Defendants knew or recklessly disregarded the fact that underfunding store labor budgets resulted in Plaintiffs and members of the FLSA Collective and Maryland Class (who were not paid overtime) primarily performing manual and non-exempt duties.

50.     By underfunding the store labor budget, Defendants avoided paying any overtime compensation to the Store Managers for performing non-exempt activities over 40 hours a workweek.  The decision to misclassify Store Managers as exempt was calculated to allow Defendants to avoid paying additional wages (including overtime) to the non-exempt store-level employees.

51.     Defendants acted willfully and knew, by virtue of the fact that its District Managers (as its authorized agents) actually saw Plaintiffs and members of the FLSA Collective and Maryland Class perform primarily manual labor and non-exempt duties, that a result of the

underfunded labor budgets was to limit the amount of money available to pay non-exempt employees to perform such work.

52.     Defendants also knew by virtue of its policies concerning scheduling and labor budgets that Plaintiffs and members of the FLSA Collective and Maryland Class regularly and customarily did not direct two or more employees, there frequently being only a Store Manager and/or a Store Manager and only one associate scheduled to work most shifts.

53.     As an experienced and practical retailer operating hundreds of stores throughout the country for over 18 years, Defendants were aware or recklessly disregarded the fact that by underfunding the labor budgets for store locations, Plaintiffs and members of the FLSA Collective and Maryland Class (a) did not customarily and regularly direct two or more employees; and (b) were primarily performing non-exempt duties and not performing activities that would suffice to make their actual job duties comply with any exemption under the applicable laws.  Inasmuch as Defendants are substantial corporate entities aware of their obligations under the FLSA, they, accordingly, acted willfully or recklessly in failing to classify Plaintiffs and members of the FLSA Collective and Maryland Class as non-exempt employees.

54.     Defendants' unlawful conduct as described above, was willful and/or in reckless disregard of the applicable wage and hour laws pursuant to Defendants' centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by violating the FLSA and Md. Wage and Hour Law.

55.     As part of their regular business practice, Defendants intentionally, willfully and repeatedly engaged in a policy, pattern and/or practice of violating the FLSA and Md. Wage and Hour Law with respect to Plaintiffs and the members of the FLSA Collective and Maryland Class.  This policy, pattern and/or practice includes, but it is not limited to the foregoing

9

knowledge of its obligations and the kind of work that Plaintiffs, the members of the FLSA

Collective and Maryland Class were and have been performing, and that, as a result, Defendants

have been:

     a.  willfully misclassifying Plaintiffs and members of the FLSA Collective and Maryland Class as exempt from the overtime requirements of the FLSA and Md. Wage and Hour Law;

     b.  willfully failing to pay Plaintiffs and members of the FLSA Collective and Maryland Class overtime wages for hours they worked in excess of 40 hours per week; and

     c.  willfully failing to provide enough money in their store-level labor budgets for their non-exempt employees to perform their duties and responsibilities, forcing their exempt Store Managers to perform such non-exempt tasks.

56.    Defendants' willful violations of the FLSA are further demonstrated by the fact

that Defendants failed to maintain accurate and sufficient time records for Plaintiffs and the

members of the FLSA Collective and Maryland Class.  Defendants acted recklessly or in willful

disregard of the FLSA and Md. Wage and Hour Law by instituting a policy and/or practice that

did not allow Plaintiffs and the members of the FLSA Collective and Maryland Class to record

all hours worked.

57.    Due to the foregoing, Defendants' failure to pay overtime wages for work

performed by Plaintiffs and the members of the FLSA Collective and Maryland Class in excess

of 40 hours per workweek was willful and has been widespread, repeated and consistent.

## FLSA COLLECTIVE ACTION ALLEGATIONS

58.    Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiffs seek to prosecute their FLSA

claims on behalf of themselves and the FLSA Collective consisting of all persons who are

currently or were formerly employed by Defendants Francesca's Holdings Corp. and/or

Francesca's Collections, Inc. as Store Managers and individuals holding comparable salaried

positions with different titles employed by Defendants within the United States during the three years prior to the date of filing this Complaint to the entry of judgment in this case (the "FLSA Claims Period").

59.     Defendants are jointly and severally liable under the FLSA for, *inter alia*, failing to pay proper overtime wages to Plaintiffs and the members of the FLSA Collective.

60.     There are many similarly situated current and former Store Managers who have not been paid proper overtime wages in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.  Thus, notice should be sent to the members of the FLSA Collective pursuant to 29 U.S.C. § 216(b).

61.     The members of the FLSA Collective are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## CLASS ALLEGATIONS

### *The Maryland Class*

62.     Plaintiff Perry sues on her own behalf and on behalf of the Maryland Class as defined above, pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) (the "Maryland Class Representative").

63.     The Maryland Class Representative seeks to prosecute her Md. Wage and Hour Law claims on behalf of herself and the Maryland Class consisting of all current and former employees of Defendants who, at any time within the three (3) years prior to the filing of the Complaint through the date of final disposition of this matter, have been employed by Defendants in the position of Store Managers and/or employees holding comparable positions but different titles in a Defendants store located in the State of Maryland, and classified as

exempt from overtime compensation, and have not been paid for all hours worked by them as well as overtime wages ("Maryland Class Action Period").

64.     Excluded from the Maryland Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Maryland Class.

65.     The persons in the Maryland Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known, the facts on which the calculation of that number can be based are presently within the sole control of the Defendants and ascertainable.  Upon information and belief, there are at least 40 members of the Maryland Class.

66.     Defendants have acted or refused to act on grounds generally applicable to the Maryland Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Maryland Class as a whole.

67.     There are questions of law and fact common to the Maryland Class that predominate over any questions solely affecting individual members of the Maryland Class, including but not limited to:

   a.   whether Defendants have failed and/or refused to pay Perry and the Maryland Class overtime pay for the hours worked in excess of 40 hours per workweek within the meaning of the Md. Wage and Hour Law;

   b.   the nature and extent of the class-wide injury and the appropriate measure of damages for the Maryland Class;

   c.   whether Defendants had a uniform policy and practice of failing to accurately track or record actual hours worked by the members of the Maryland Class;

    d.  whether Defendants furthered their uniform policy and practice of failing to accurately track or record actual hours worked by the members of the Maryland Class by instructing them: (i) not to track all hours they worked but instead to record only their scheduled hours; (ii) not to record overtime hours worked; (iii) failing to provide the members of the Maryland Class with a method to accurately record the hours they actually worked; and (iv) requiring the Maryland Class members to under-state the number of hours they actually worked;

    e.  whether Defendants' policy and practice of failing to accurately track or record hours worked by the members of the Maryland Class was willful; and

    f.  whether Defendants can prove that their unlawful policies were implemented in good faith.

68.    The claims of the Maryland Class Representative are typical of the claims of the Maryland Class she seeks to represent. The Maryland Class Representative and the other Maryland Class members work or have worked for Defendants and have been subjected to their policy, pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per week. Defendants acted and refused to act on grounds generally applicable to the Maryland Class, thereby making declaratory relief with respect to the Maryland Class appropriate.

69.    The Maryland Class Representative has the same interests in this matter as all other Class Members, and her claims are typical of the Class and thus would properly and adequately represent the current and former employees whom the Defendants have subjected to the treatment alleged herein.

70.    The Maryland Class Representative has retained counsel competent and experienced in complex class action and wage and hour litigation.

71.    A class action is superior to other available methods for the fair and efficient adjudication of the Md. Wage and Hour Law claims, where individual plaintiffs may lack the

financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

72.     The members of the Maryland Class have been damaged and are entitled to recovery because of Defendants' common and uniform policies, practices and procedures. Although the relative damages suffered by individual Maryland Class members are not *de minimus*, such damages are small compared to the expense and burden of bringing individual cases.

73.     Class treatment of the Maryland Class claims is superior because it will obviate the need for duplicative litigation that may result in inconsistent judgments about Defendants' practices.

**FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT:  UNPAID OVERTIME WAGES**
**(On behalf of Plaintiffs and the FLSA Collective)**

74.     Plaintiffs, on behalf of themselves and the members of the FLSA Collective, reallege and incorporate by reference the preceding paragraphs.

75.     At all relevant times, Defendants employed Plaintiffs, and employed or continue to employ, each of the members of the FLSA Collective within the meaning of the FLSA.

76.     Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Collective and Class Action Complaint.

77.     Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

78.     At all relevant times, Plaintiffs and the members of the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

14

79.    The overtime wage provisions set forth in 29 U.S.C. §§ 201, *et seq.*, apply to Defendants.

80.    Defendants are employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

81.    At all times relevant, Plaintiffs and the members of the FLSA Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

82.    At all relevant times and continuing to the present time, Defendants had a policy and practice of refusing to pay overtime compensation to its Store Managers and similarly situated employees in comparable positions but holding different titles, for hours worked in excess of 40 hours per workweek.

83.    As a result of Defendants' willful failure to compensate their employees, including Plaintiffs and the members of the FLSA Collective, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

84.    As a result of Defendants' willful failure to record, report, credit and/or compensate its employees, including Plaintiffs and the members of the FLSA Collective, Defendants have failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

85.    As a result of Defendants' policy and practice of minimizing labor costs by underfunding the labor budgets for its stores, Defendants knew or recklessly disregarded the fact

that Plaintiffs and the members of the FLSA Collective were primarily performing manual labor and non-exempt tasks.

86.     Due to Defendants' failure to provide enough labor budget funds, failure to take into account the impact of the underfunded labor budgets on the job duties of Plaintiffs and members of the FLSA Collective, Defendants' actual knowledge, through their District Managers, that the primary duties of Plaintiffs and the members of the FLSA Collective were manual labor and other non-exempt tasks, Defendants' failure to perform a person-by-person analysis of the job duties of Plaintiffs and the members of the FLSA Collective to ensure that they were performing exempt job duties, Defendants' instituting a policy and practice that did not allow Plaintiffs and the members of the FLSA Collective to record all hours worked, and Defendants' failure to post or keep posted a notice explaining the minimum wage and overtime wage requirements, Defendants knew and/or showed reckless disregard that their conduct was prohibited by the FLSA, 29 U.S.C. § 255(a).

87.     As a result of Defendants' FLSA violations, Plaintiffs, on behalf of themselves and the members of the FLSA Collective, are entitled to recover from Defendants (a) their unpaid wages for all of the hours worked by them, as overtime compensation, (b) an additional, equal amount as liquidated damages for Defendants' willful violations of the FLSA, and (c) their unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b), with such amounts to be determined at trial or through undisputed record evidence.

88.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## SECOND CAUSE OF ACTION
### Md. Wage and Hour Law:  UNPAID OVERTIME WAGES
### (On behalf of the Maryland Class Representative and the Maryland Class)

89.     The Maryland Class Representative realleges and incorporates by reference all allegations in the preceding paragraphs.

90.     Defendants engaged in a widespread policy, pattern or practice of violating the Md. Wage and Hour Law, as described in this Collective and Class Action Complaint.

91.     Defendants' violations of the Md. Wage and Hour Law, as described in this Collective and Class Action Complaint, have been willful and intentional.

92.     At all times relevant, the Maryland Class Representative and the members of the Maryland Class were employees and Defendants were employers within the meaning of Md. Wage and Hour Law.

93.     Each of the Defendants employed the Maryland Class Representative and the members of the Maryland Class as an employer or a joint employer, all as further alleged herein.

94.     The Maryland Class Representative and the members of the Maryland Class were persons suffered or permitted to work by Defendants, all as further alleged herein.

95.     At all materials times, the Maryland Class Representative and the Maryland Class members are not and have not been independent contractors or subcontractors.

96.     The members of the Maryland Class are similarly situated because they all perform or performed the same primary duties, responsibilities and activities, and all are subject to Defendants' common policy and practice, implemented throughout Maryland, of failing to credit and pay them overtime compensation in violation of the Md. Wage and Hour Law.

97.     The overtime wage provisions of the Md. Wage and Hour Law apply to Defendants and protect the Maryland Class Representative and the Maryland Class members.

98.     Defendants failed to pay the Maryland Class Representative and the other members of the Maryland Class the overtime wages to which they are entitled under the Md. Wage and Hour Law.

99.     As a result of Defendants' failure to pay wages earned and due, and its decision to withhold wages earned and due, to Plaintiffs and the Maryland Class members at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendants have violated, and continue to violate the Md. Wage and Laws.

100.     Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by the Maryland Class Representative and the members of the Maryland Class and failed to furnish to each of them their wage and hour records showing all wages earned and due for all work performed for labor or services rendered.

101.     By Defendants' knowing or intentional failure to pay the Maryland Class Representative and the members of the Maryland Class overtime wages for hours worked in excess of 40 hours per week, it has willfully violated the Md. Wage and Hour Law.

102.     Due to Defendants' violations of the Md. Wage and Hour Law, the Maryland Class Representative and the Maryland Class members are entitled recover from Defendants, jointly and severally, their unpaid wages for all hours worked, overtime compensation, damages, punitive damages, and/or interest for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to Md. Wage and Hour Law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and the members of the FLSA Collective and Maryland Class are entitled to and pray for the following relief:

18

a.   Designation of this action as an FLSA collective action on behalf of Plaintiffs and the members of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b.   Certification of the Maryland Class pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) and Md. Rule 2-231 and the appointment of Plaintiff Perry and her counsel to represent the members of the Maryland Class;

c.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and Md. Wage and Hour Law;

d.   An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay due under the FLSA and Md. Wage and Hour Law, using the following common methodology for calculating damages: ((Annual Salary ÷ 52) ÷ 40) x Total Number of Overtime Hours Worked x 1.5;

e.   An award of liquidated, treble, and/or punitive damages as a result of Defendants' willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay pursuant to the FLSA and Md. Wage and Hour Law;

f.   An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

g.      An injunction against Defendants and its officers, agents, successors, employees,

representatives and any and all persons acting in concert with them, as provided

by law, from engaging in each of the unlawful practices, policies and patterns set

forth herein;

h.      An award of prejudgment and post-judgment interest;

i.      An award of costs and expenses of this action together with reasonable attorneys'

and expert fees and an award of a service payments to the Plaintiffs; and

j.      Such other and further relief as this Court deems just and proper.

**<u>DEMAND FOR TRIAL BY JURY</u>**

Pursuant to FED. R. CIV. P. 38(b), Plaintiffs, members of the FLSA Collective and the

members of the Maryland Class demand a trial by jury on all questions of fact raised by the

Complaint.

Dated: June 14, 2019
       Boca Raton, Florida             ***/s/ Alan L. Quiles***
                                       Alan L. Quiles
                                       SBN: 24075418
                                       Gregg I. Shavitz*
                                       Paolo C. Meireles*
                                       Tamra C. Givens*
                                       Logan A. Pardell*
                                       E-mail: gshavitz@shavitzlaw.com
                                       E-mail: pmeireles@shavitzlaw.com
                                       E-mail: tgivens@shavitzlaw.com
                                       E-mail: lpardell@shavitzlaw.com
                                       **SHAVITZ LAW GROUP, P.A.**
                                       951 Yamato Road, Suite 285
                                       Boca Raton, Florida 33431
                                       Telephone: (561) 447-8888
                                       Facsimile: (561) 447-8831

                                       Marc S. Hepworth*
                                       Charles Gershbaum*
                                       David A. Roth*

20

Rebecca S. Predovan*
Janine Kapp*
E-mail: mhepworth@hgrlawyers.com
E-mail: cgershbaum@hgrlawyers.com
E-mail: droth@hgrlawyers.com
E-mail: rpredovan@hgrlawyers.com
E-mail: jkapp@hgrlawyers.com
**HEPWORTH, GERSHBAUM & ROTH, PLLC**
192 Lexington Avenue, Suite 802
New York, New York 10016
Telephone: (212) 545-1199
Facsimile: (212) 532-3801

*Attorneys for Plaintiffs and the Putative Collective
and Class*

* *Pro hac vice* application forthcoming

21

# EXHIBIT A

## CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendant(s), <u>Francesca's</u>, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2. I hereby designate Hepworth, Gershbaum & Roth, PLC., and the Shavitz Law Group P.A., to represent me in bringing such claim and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.


Leah Cox (Jun 10, 2019)
_____
Signature


_____
Leah Cox

# EXHIBIT B

## CONSENT TO JOIN FORM

1.      I consent to be a party plaintiff in a lawsuit against Defendant, Francesca's, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.      I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement.  I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3.      I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

_____
Signature

_____
Dshaunta Vanisa Perry
Print Name